# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br>CDC #C-56483,<br><br>                              Plaintiff,<br><br>vs.<br><br>A. COTA, et al.,<br><br>                              Defendants. | Civil No.   06-2657 JAH (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 13]** |

On December 4, 2006, Jimmie Stephen ("Plaintiff"), an inmate currently incarcerated at California Men's Colony in San Luis Obispo, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On March 13, 2007, this Court denied Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g). Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).

////

////

However, the Prison Litigation Reform Act of 1995 ("PLRA") amended section 1915 to bar a prison inmate from proceeding IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

The Court took judicial notice of the fact that Plaintiff had at least three prior prisoner civil rights actions dismissed in the Southern District of California on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See* March 13, 2007 Order at 3-4. Thus, Plaintiff's Motion to Proceed IFP [Doc. No. 2] was denied and the action was dismissed for failing to pay the initial filing fee.

On March 29, 2007, Plaintiff filed a document entitled "Imminent Danger Exception" which the Court has liberally construed to be a Motion for Reconsideration of the Court's March 13, 2007 Order denying Plaintiff's Motion to Proceed IFP [Doc. No. 10].

**I.    Plaintiff's Motion for Reconsideration**

    **A.    Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter

/ / /

/ / /

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.    Discussion**

Plaintiff also appears to argue in his motion that he is "under imminent danger of serious physical injury" and thus, should be permitted to proceed IFP. Specifically, Plaintiff claims that he has been subjected to "serious" and "irreparable injuries" while housed at the Richard J. Donovan Correctional Facility. *See* Pl.'s Mot. at 2. However, as evidenced by Plaintiff's change of address, Document Number 14, Plaintiff is no longer housed at Donovan and thus, he has brought the Court no new facts by which the Court could determine that he is currently being subjected to any "imminent danger of serious physical injury."

In short, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

////

////

---

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

## II. Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 13]. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: May 22, 2007

HON. JOHN A. HOUSTON
United States District Judge